IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17cv64-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | DEFAULT JUDGMENT |
| | ) | |
| APPROXIMATELY $90,020 IN FUNDS SEIZED DURING THE TRAFFIC STOP OF RICARDO DIAZ AND JOSE GUADELUPE RODRIGUEZ | ) ) ) ) ) | |

THIS MATTER is before the Court on the United States of America's Motion for Default Judgment. (Doc. No. 16). For good cause shown, the Court will GRANT the Motion and enter this Default Judgment. The Court FINDS AS FOLLOWS:

**BACKGROUND**

On February 13, 2017 the United States filed a Complaint for Forfeiture *in rem* (Doc. No. 1) against the defendant property captioned above. The Complaint alleged that the property is proceeds of drug trafficking and/or was used or intended to be used to facilitate drug trafficking.

From February 17, 2017 through March 18, 2017, pursuant to Federal Rules of Civil Procedure, Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(4)(a), the Government provided Notice by Publication (Doc. No. 4) of this action. Further, the Government mailed direct notice of the Complaint to the following individuals:

- Ricardo Diaz (c/o Steven T. Meier, Esq.), who drove the vehicle from which the property was seized; and
- Jose Rodriguez, who was the passenger in the vehicle from which the cash was seized.

The results of such efforts to achieve direct notice are as follows.

Diaz received notice of the forfeiture and filed a Claim (Doc. No. 3). The Government

settled to return $45,010 in seized funds in this case to Diaz via Consent Order and Judgment, in exchange for Diaz's release of all other claims in the case. (Doc. No. 10). As a result of the settlement, approximately $45,010 remains for forfeiture.

As to Rodriquez, although the Government sent notice of the forfeiture to 1011 McManus Street, Apt. A, Monroe, North Carolina—the address that Rodriquez had presented on identification documents to law enforcement at the time of seizure—the Government is unable to confirm whether Rodriquez received the notice. Specifically, direct notice was sent to Mr. Rodriguez via certified mail, return receipt requested, at the McManus Street address. The United States did not receive the certified mail receipt back as served or receive the returned noticing package back. And, according to the tracking portal on the United States Postal website, tracking status is "not available" for this package. Nonetheless, during the traffic stop that led to the seizure, Rodriguez stated to one of the officers that his address was "on McManus Street" and the identification document that Rodriguez provided to officers identified the McManus Street address to which the Government sent direct notice. Therefore, despite the inability of the United States Postal Service to track delivery of notice to Rodriguez at the McManus Street address, the McManus Street address appears to be the best available and last known address for the Government to provide direct notice to Rodriguez. Further, Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(4)(b)(iii)(E) explicitly contemplates such notice and provides as follows: "[n]otice to a person from whom the property was seized who is not incarcerated when notice is sent may be sent to the last address that person gave to the agency that seized the property."

Accordingly, notice of forfeiture of these funds has been properly published and directly provided, there are no claims remaining as to the property, and the time for filing claims has

expired. Further, the Clerk has now entered default. (Doc. No. 12). Accordingly, the requested Default Judgment as to the currency is appropriate.

## LEGAL CONCLUSIONS

Fed. R. Civ. P. 55(b)(2) provides for entry of the requested Default Judgment by the Court. Here, the United States has provided notice of forfeiture in accordance with the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G. Other than Ricardo Diaz whose Claim has been adjudicated, no other individuals or entities have filed claim sand the time period for filing claims has expired. Finally, the Clerk has entered default. Therefore, the requested Default Judgment is appropriate.

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the Government is entitled to a Judgment of Forfeiture by Default against the Defendant Property.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Government's Motion for Default Judgment, (Doc. No. 16), is hereby GRANTED.

Any and all right, title, and interest of all persons in the world in or to the Defendant Property is hereby forfeited to the United States, and no other right, title, or interest shall exist therein:

**Approximately $45,010 in funds seized during the traffic stop of Ricardo Diaz and Jose Guadelupe Rodriguez.**

SO ORDERED.

Signed: March 26, 2020

Robert J. Conrad, Jr.
United States District Judge